**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 14 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

WILLIAM C. WHITEHEAD,

Plaintiff-Appellant,

v.

ANN M. VENEMAN, Secretary U.S.
Department of Agriculture,

Defendant-Appellee.

No. 04-6070
(D.C. No. 02-CV-459-W)
(W.D. Okla.)

ORDER AND JUDGMENT *

Before **HARTZ** , and **BALDOCK** , Circuit Judges, and **BRIMMER** ,** District
Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*      The Honorable Clarence A. Brimmer, District Judge, United States District
Court for the District of Wyoming, sitting by designation.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-Appellant William C. Whitehead appeals from orders denying partial summary judgment in his favor and granting summary judgment in favor of defendant on his claims for breach of a settlement agreement and from a final order issued after trial awarding him $1 in nominal damages. Our jurisdiction arises under 28 U.S.C. 1291, and we affirm.

## I. Procedural and factual background

This case arose from defendant's failure to fully comply with a term in the parties' January 1999 agreement totally settling Mr. Whitehead's discrimination claims. Specifically, defendant agreed to pay Mr. Whitehead $100,000; to forgive all six of his outstanding Farm Service Agency farm-loan debts in the amount of $456,229; to forever release and hold harmless Mr. Whitehead from any liability under those debts; and to give him various "programmatic" benefits in the future in exchange for release of all of his discrimination claims. Aplt. Br. Ex. 2, Settlement Agreement at 1-4. The check for $100,000 was to be issued within thirty days after the agreement was signed. *Id.* at 1. Paragraph 12 of the agreement provided that, if the agreement was not performed, Mr. Whitehead could "request specific enforcement of the terms of the agreement" in writing no later than sixty days after the date he knew that the defendant had failed to

implement any term of the agreement. *Id.* at p. 4. The agreement gave the defendant an additional thirty days to perform the agreement after written request, and if performance did not occur, the agreement could be rescinded and Mr. Whitehead could reinstate his discrimination complaint. *Id.*

On April 9, 1999, three months after the parties signed the agreement, Mr. Whitehead informed defendant that he still had not received his check or release of debts. He claimed that the failure to pay and to cancel his debts constituted a "default [that] constitutes a reprisal against [him] and he register[ed] a formal reprisal complaint based on the default." *Id.* Ex. 3, at 1. It is uncontroverted that, as a result of this letter, defendant issued, and Mr. Whitehead accepted, a check for $100,000 on April 28, 1999, and defendant issued a release of his $456,229 debts on April 29, 1999. R. Doc. 129, at 8. But no one filed the release of mortgage in the county clerk's office, even though the defendant notified Whitehead that he should do so. *Id.* at 6. Releases were finally recorded in May and June 2001 by defendant. *Id.* The district court ruled that Mr. Whitehead failed to demonstrate that he suffered any harm as a result of the delayed payment, *see* R. Doc. 148, at 3, or as a result of the delayed recording, *see id.* at 6. Mr. Whitehead does not appeal from these rulings.

On September 10, 2001, defendant erroneously and mistakenly sent Mr. Whitehead a letter stating that the six loans that had been cancelled in the

settlement agreement were delinquent and that he had sixty days to resolve the debt. *Id.* Doc. 129, at 11. The district court held that Mr. Whitehead failed to present evidence of any actual damages as a result of this breach of the settlement agreement, but awarded him $1.00 in nominal damages on this claim. *Id.* Doc. 148, at 7.

## II. Standards of review

We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.

Although the movant must show the absence of a genuine issue of material fact, he or she need not negate the nonmovant's claim. Once the movant carries this burden, the nonmovant cannot rest upon his or her pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which he or she carries the burden of proof. The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is genuine; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant. If there is no genuine issue of material fact in dispute, we determine whether the district court correctly applied the substantive law.

*Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) (brackets and further citations and quotations omitted).

"Summary judgment necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." *Pub. Serv. Co. of Colo. v. Cont'l Cas. Co.*, 26 F.3d 1508, 1517 n.8 (10th Cir. 1994) (quotation omitted). "[F]ailure of proof of an essential element renders all other facts immaterial." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1212 (10th Cir. 2000). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, that party must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case in order to survive summary judgment." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (quotations omitted).

As to the judgment rendered after the bench trial, "we review the district court's factual findings for clear error and its legal conclusions de novo." *Keys Youth Servs., Inc. v. City of Olathe*, 248 F.3d 1267, 1274 (10th Cir. 2001).

### III.  Analysis

On appeal, Mr. Whitehead essentially asserts that the district court erred by granting summary judgment to defendant on his claim that defendant was required to reinstate his discrimination suit and remand it to the agency as the consequence for breaching the agreement not to attempt further collection proceedings on his forgiven farm loans. Aplt. Br. at 6 (issues one and three). As grounds, he argues that paragraph 12 of the agreement provides for reinstatement of his complaint.

*See id*. at 16-17. He also argues that a May 1999 letter stating that his "reprisal complaint" would be referred to the agency and "processed" provides a new basis for reinstating his original discrimination claims. *See id.* at 9-10 & n.1, 13-14, 16-18.

We disagree. The settlement agreement provided for its rescission and for reinstatement of the discrimination complaints *only* if the agency did not perform and pay Mr. Whitehead according to the terms of the agreement. Mr. Whitehead accepted the full benefit of the settlement agreement, and he does not request rescission; therefore, his only remedy for a breach of a specific term that occurred years after payment was rendered and accepted and releases were issued and accepted is monetary damages. *See* RESTATEMENT (SECOND) CONTRACTS § 372 (1981) (providing that restitution of thing given in agreement may be "conditional on return of or compensation for anything that the party claiming restitution has received"); *Cascade Energy & Metals Corp. v. Banks*, 896 F.2d 1557, 1582 (10th Cir. 1990) (affirming denial of claim for rescission, in part, because plaintiff failed to tender back to defendants the consideration and benefits it had received in agreement). The basis of the "reprisal complaint" was the agency's failure to perform according to the terms of the settlement agreement. *See* Aplt. Br. Ex. 3, at 1-2. When the agency performed, and Mr. Whitehead accepted the performance, the settlement agreement terms "preclud[ing] Mr. Whitehead from

filing any new administrative complaint about the issues arising prior to the date of this agreement," and "waiv[ing] and releas[ing] any and all claims of any kind arising out of Mr. Whitehead's pending discrimination complaints" became binding upon him. *Id.* Ex. 2 Settlement Agreement at 3.

Mr. Whitehead next argues that the district court's finding that he had not presented evidence of damages arising from the agency's attempt to collect on his forgiven debt is contrary to proof that the agency deducted an $1,100 farm program subsidy allotment due to him by use of a Treasury Offset. Aplt. Br. at 23-24. But the Exhibits that Mr. Whitehead attached to his brief and cites in support of his claim do not support it. Exhibit 1 is simply a copy of his complaint alleging that he was threatened in the September 2001 letter with the agency's power to offset his debt. *Id.* Ex. 1, at 4. Exhibit 2 does not mention any offset. Exhibit 3 mentions an "accompanying U.S. Treasury offset statement," but the alleged statement is not in the exhibit. Ex. 3, at 1. The district court's finding is supported by substantial evidence.

Mr. Whitehead argues that the court erred by failing to apply law relevant to discrimination claims. Aplt. Br. at 6, 24-25. This argument is also without merit. Mr. Whitehead expressly exchanged his right to prosecute his discrimination claims for over half of a million dollars in cash and forgiven debt.

Mr. Whitehead asserts in his summary of the argument that the district court abused its discretion by denying his motion for administrative agent fees and expenses. Aplt. Br. at 6. He briefly restates his claim in the body of his brief. *Id.* at 10. But Mr. Whitehead did not brief that issue and support it with legal authority or provide this court with specific citations to the record, including where the issue was raised and ruled on. *See* Fed. R. App. P. 28 (a)(9)(A); 10th Cir. R. 28.2(C)(2); *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1540 n.3 (10th Cir. 1996); *Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992). We therefore dismiss that issue.

The judgment of the district court is AFFIRMED.

Entered for the Court

Clarence A. Brimmer
District Judge

-8-